IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIROS ARETHAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 6743 |
| S/TEC GROUP, INC.; SUPERIOR ENGINEERING, LLC, EMPLOYEE HEALTH BENEFIT PLAN; PROFESSIONAL CLAIMS MANAGEMENT, INC.; EAST COAST UNDERWRITERS, LLC; FIDELITY SECURITY LIFE INS. CO., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Professional Claims Management, Inc.'s ("PCM") motion to dismiss and on Defendant East Coast Underwriters, LLC's ("East Coast") and Defendant Fidelity Security Life Insurance Company's ("Fidelity") motion for judgment on the pleadings. For the reasons stated below, we grant in part and deny in part PCM's motion to dismiss and we deny without prejudice East Coast's and Fidelity's motion for judgment on the pleadings.

1

# BACKGROUND

Plaintiff Spiros Arethas ("Arethas") alleges that he is an insured participant of an employee welfare plan maintained by Defendant Superior Engineering, LLC, which is now known as S/TEC Group, Inc. ("S/TEC"). Arethas alleges that in April of 2004 he was diagnosed with Philadelphia-chromosome positive Acute Lymphoblastic Leukemia. According to Arethas, he underwent chemotherapy and thereafter his physician recommended that Arethas undergo a peripheral blood stem cell transplant. Arethas claims that his brother was determined to be a match for Arethas's stem cell and was an ideal donor. Arethas claims that in June of 2004 his physician requested an expedited insurance approval to proceed onward with the transplant at a cost of $180,000. Arethas contends that such a request for expedited recovery must be responded to under the law within 72 hours. However, according to Arethas, PCM did not respond to the request until July 7, 2004, over 872 hours after the request for coverage. PCM allegedly responded by granting coverage only up to $50,000. On July 12, 2004, Arethas sent a letter to PCM appealing the coverage decision. Arethas claims that on July 13, 2004, his brother attempted to submit himself to further testing for the transplant, but the hospital refused to proceed due to the denial of coverage by PCM.

Arethas claims that on July 23, 2004, he again sent a letter to PCM stating that he was in urgent need of a resolution on the coverage issue. Arethas alleges that on July 26, 2004, he learned that his white blood count was such that it indicated that

his leukemia was no longer in remission and that since he was not in remission he could not receive the anticipated transplant. On July 27, 2004, Arethas sent another letter to PCM reiterating his need for an expedited response regarding coverage in case the transplant became suitable again. Thereafter, Arethas sent various other letters to PCM regarding coverage. Arethas alleges that he has been taking Gleevec in order to attempt to go back into remission, but that he is currently not in remission. Arethas brought the instant action and in his complaint he includes a claim alleging a denial of health benefits in violation of 29 U.S.C. § 2560.503-1(m)(2) and 29 U.S.C. § 1133 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq.* (Count I), a claim for statutory penalties pursuant to 29 U.S.C. § 1024 and § 1132(c) (Count II), and a breach of fiduciary duty claim (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7[h] Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7[h] Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions and thus the court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.* (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir.2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452(quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* n.3

A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53. In ruling on a motion for

judgment on the pleadings a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 453 n. 5.

## DISCUSSION

I. PCM's Motion to Dismiss

PCM has moved to dismiss the claims in Count I and II against PCM because the Plan administrator, rather than PCM made the ultimate denial decision. PCM also moves to dismiss the fiduciary duty claim (Count III) against PCM because PCM is not a fiduciary. As an initial matter, Arethas agrees to voluntarily dismiss PCM from Count II. Therefore, we grant PCM's motion to dismiss Count II.

### A. Denial of Benefits

PCM argues that it is the responsibility of the Plan administrator to make the ultimate determination to deny benefits under the Plan. PCM claims that its role in connection with the Plan is to act as a service provider and to provide "case management and utilization review services, initial claims review, and claims payment services." (Mot. Dis. 4). Generally, an ERISA claim for benefits must be

brought against the pertinent plan. *Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001). Both Arethas and PCM cite with approval *Mein v. Carus Corp.*, 241 F.3d 581 (7th Cir. 2001) in support of their positions. In *Mein*, the Seventh Circuit indicated that an entity other than the plan may be named as a defendant for such a claim if the "exact relationship between that [other entity] and the plan is not clearly set out" and it appears that the plan and the entity are "closely intertwined. . . ." *Id.* (quoting *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997)). In *Mein*, the court allowed the defendant employer to remain as a named defendant in the action because the relationship between the pertinent plan and the employer was not clear. *Id.* In arriving at such a conclusion, the court in *Mein* noted that the summary plan description of the plan in question used pronouns that clearly referred to the defendant employer rather than the plan and that "[t]hroughout the description, as in *Riordan*, the close relationship between the corporation and the plan is evident." *Id.* The court in *Mein* also noted that "the designated agent for legal process [wa]s the [employer] corporation" and that the plan administrator was the defendant employer corporation itself which was provided with complete control over the plan. *Id.* Finally, the court in *Mein* noted that "the plan trustee, with whom [the plaintiff] most often communicated, was James C. Wilkes, who, although at least on some occasions, signed letters as trustee for the plan, also used [the defendant employer's] stationary which indicated that he was vice-president of human resources for the corporation." *Id.*

7

In the instant action, Arethas argues that PCM "acted as both an administrator and a fiduciary" because "PCM is vested with unfettered ability to approve or deny claims and interpret language, making PCM a fiduciary under ERISA." (Dis. Ans. 6). Arethas also argues that "PCM is acting with independent discretion and control in the management of this aspect of the Plan. . . ." (Dis. Ans. 6). However, other than such conclusory statements, Arethas fails to show how PCM and the Plan are intertwined such that PCM should be named as a defendant for the denial of benefits. Arethas apparently recognizes the lack of support for his position arguing that at the very least PCM "is clearly acting as the *de facto* plan administrator for the Plan." (Dis. Ans. 7). However, Arethas fails to explain why PCM is a *de facto* plan administrator and in support of such a position Arethas cites an Eleventh Circuit case which is not controlling precedent. (Dis. Ans. 7). Arethas also recites in detail an analysis of a dissent in a Ninth Circuit case which is not controlling precedent. (Dis. Ans. 7). Arethas acknowledges in his second amended complaint that S/TEC is the Plan's sponsor and administrator. (SAC Par. 6).

PCM has also made reference to the terms included in the Plan itself which are not expressly listed in the second amended complaint. For the purposes of a Rule 12(b)(6) motion to dismiss, a court can consider a document attached to a motion to dismiss, such as a contract, as long as the document: 1) is "referred to in the plaintiff's complaint," and 2) is "central to his claim. . . ." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). In Arethas' second amended complaint, he makes

specific reference to the Plan and makes it clear that the dispute in the action is concerning the Plan. Therefore, we may consider the Plan as part of our analysis for the motion to dismiss. The Plan indicates that PCM, the Plan Supervisor, is responsible for reviewing the facts and documents pertaining to a benefits request and that PCM's review is then to be delivered to the Plan Administrator. (Plan Section 7.00). The Plan makes clear that "[t]he Plan is administered through the Plan Administrator" and "[t]he services of an Independent Plan Supervisor experienced in claims processing have been retained *to process claims for the Plan.*" (Plan Section 7.01). The Plan does not allow for legal notice to be filed with the Plan Supervisor, but instead also provides that all legal notices are to be filed with the Plan or the Plan Administrator. (Plan Section 7.01). Therefore, since the Plan or at the very least the Plan Administrator is the proper Defendant for a denial of benefits claim, we grant PCM's motion to dismiss the claim for denial of benefits against PCM (Count I).

### B. Breach of Fiduciary Duty

PCM argues that the breach of fiduciary duty claim brought against PCM should be dismissed because PCM is not a fiduciary under the Plan. A non-fiduciary cannot be held liable under ERISA for a breach of fiduciary duty even if the non-fiduciary "participate[d] knowingly in an ERISA fiduciary's breach of fiduciary obligations. . . ." *Reich v. Continental Cas. Co.*, 33 F.3d 754, 757 (7th Cir. 1994).

9

*See also Schmidt v. Sheet Metal Workers' Nat. Pension Fund*, 128 F.3d 541, 547 (7th Cir. 1997)(stating that "[i]t goes without saying that a claim for breach of fiduciary duty lies only against an individual or entity that qualifies as an ERISA 'fiduciary.'"). ERISA defines the term "fiduciary" as a person that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21). Thus, for an individual or entity to be an ERISA fiduciary, the individual or entity "must exercise a degree of discretion over the management of the plan or its assets, or over the administration of the plan itself." *Schmidt*, 128 F.3d at 547.

PCM argues that it performs only ministerial duties under the Plan, while Arethas contends that PCM performs discretionary duties under the Plan. PCM points to the Plan which states in the "Fiduciary Operation" section that "[t]he Plan Administrator *or its designee* shall have full discretionary authority to correct any defect, supply any omission or reconcile any inconsistency and resolve any ambiguities in the Plan. . . ." (Plan Section 7.21). Arethas claims that PCM was acting as a fiduciary designee of S/TEC when PCM on its own interpreted the Plan and determined that Arethas' claim was not covered under the Plan. While PCM

10

insists in its reply that it performed only ministerial functions under the Plan, it is not clear from the pleadings before us that such is the case. Whether or not PCM acted as S/TEC's fiduciary designee or exercised discretionary decision making under any other portion of the Plan requires an inquiry that is beyond the appropriate inquiry at the pleadings stage. The fact that PCM's arguments are premature are illustrated by PCM's recitation of the analysis in *Tegtmeier v. Midwest Operating Engineers Pension Trust Fund*, 390 F.3d 1040 (7th Cir. 2004). The Court in *Tegtmeier* addressed a similar issue as in the instant action, but the Court was reviewing a district court's ruling on the parties' cross motions for summary judgment. *Id.* at 1042. PCM also cites in support of its position *Schmidt v. Sheet Metal Workers' Nat. Pension Fund*, 128 F.3d 541 (7th Cir. 1997) in which the Seventh Circuit was reviewing a district court's ruling on a summary judgment motion. *Id.* at 545. Thus, PCM"s arguments regarding its fiduciary status are premature at this juncture.

PCM also argues that Arethas cannot bring a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) ("Section 1132(a)(3)") for lost benefits because Arethas has available to him an ordinary benefits claim against the Plan under 29 U.S.C. § 1132(a)(1)(B)("Section 1132(a)(1)(B)"). Arethas concedes in his answer that he is not seeking "to recover benefits due to him under the terms of his plan" pursuant to Section § 1132(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B). However, Arethas points out that there is relief expressly provided for in Section 1132(a)(3) that may be applicable in this action, such as the right by a participant "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . .to obtain other appropriate equitable relief. . . ." 29 U.S.C. § 1132(a)(3).

11

Arethas argues that depending on whether or not his leukemia again goes into remission he may need to seek relief under Section 1132(a)(3) that will not be available under Section 1132(a)(1)(B). We agree that PCM's arguments in regards to the breach of fiduciary duty claim are premature. PCM repeatedly cites in support of its position on this point *Varity Corp. v. Howe*, 516 U.S. 489 (1996). However, in *Varity*, the United States Supreme Court was not reviewing a district court's ruling at the pleading stage. In fact, in *Varity* the district court had conducted a full trial and made findings of fact prior to the appeal. *Id.* at 492. PCM also cites *Van Hoey v. Baxter Intern., Inc.*, 1997 WL 665855 (N.D.Ill. 1997) in support of its position, but in that case the district court was ruling upon cross motions for summary judgment rather than a motion to dismiss. *Id.* at *1. Therefore, we deny PCM's motion to dismiss the breach of fiduciary duty claim against PCM (Count III).

## II. Motion for Judgment on the Pleadings

East Coast and Fidelity have moved for judgment on the pleadings on all claims brought against the two Defendants. East Coast and Fidelity argue that they cannot be held liable for a denial of benefits because they were not parties to the Plan. East Coast and Fidelity also argue that they cannot be held liable for a breach of fiduciary duties because neither of them are fiduciaries of the Plan.

East Coast and Fidelity have attached affidavits to their motion for judgment on the pleadings and have asked the court to consider the affidavits in ruling on the motion. Arethas correctly points out that the court cannot consider such affidavits when ruling on a motion for judgment on the pleadings. A court may rule on a

12

judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53. In ruling on a motion for judgment on the pleadings, a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 453 n. 5.

As indicated above, although in ruling on a motion for judgment on the pleadings a court can consider affidavits attached to a complaint or an answer to the complaint, a court cannot consider affidavits that are not a part of the pleadings. Thus, a consideration of the affidavits attached by east Coast and Fidelity to their motion for judgment on the pleadings would only be proper if the court decides to convert the motion into a summary judgment motion. If East Coast and Fidelity want to proceed forward on a motion for judgment on the pleadings, they will need to seek leave to amend their answer and attach the affidavits. Otherwise any future motion for judgment on the pleadings with affidavits attached would only be proper if the court converted the motion into a motion for summary judgment. Therefore, we deny without prejudice East Coast's and Fidelity's motion for judgment on the pleadings.

## CONCLUSION

Based on the foregoing analysis, we grant PCM's motion to dismiss the denial of benefits claim brought against PCM and deny PCM's motion to dismiss the breach of fiduciary duty claim brought against PCM. We deny without prejudice East Coast's and Fidelity's motion for judgment on the pleadings.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 14, 2005